**Electronically Filed
Supreme Court
SCWC-18-0000522
24-APR-2020
08:22 AM**

IN THE SUPREME COURT OF THE STATE OF HAWAIʻI

---o0o---

_____

STATE OF HAWAIʻI,
Respondent/Plaintiff-Appellant,

vs.

PEKELO K.K. MELENDEZ,
Petitioner/Defendant-Appellee.

_____

SCWC-18-0000522

CERTIORARI TO THE INTERMEDIATE COURT OF APPEALS
(CAAP-18-0000522; CR. NO. 1CPC-17-0000779)

APRIL 24, 2020

RECKTENWALD, C.J., NAKAYAMA, McKENNA, POLLACK, AND WILSON, JJ.

OPINION OF THE COURT BY POLLACK, J.

In this case, the defendant was found to be in possession of .005 grams of a substance containing cocaine, and he was charged with possession of a dangerous drug in the third

degree, a class C felony. The defendant moved to dismiss the charge, arguing that his violation of the statute was so trivial that it did not warrant the condemnation of conviction. The circuit court agreed, finding that the violation was de minimis and dismissing the charge. On appeal, the Intermediate Court of Appeals (ICA) vacated the order dismissing the charge. It concluded that the circuit court had erred in finding that the cocaine the defendant possessed could not have had any pharmacological or physiological effect upon consumption, and that this error required the order of dismissal to be vacated. The defendant sought certiorari review of the ICA's decision. We conclude that the ICA erred in holding that a defendant, in order to prevail on a motion to dismiss a possessory drug violation as de minimis, must prove that the possessed drugs could not have any pharmacological or physiological effect. Thus, the ICA's vacatur of the dismissal order was erroneous.

## I.   BACKGROUND

### A.   General Overview

On May 23, 2017, Pekelo K.K. Melendez was taken into custody at the Circuit Court of the First Circuit's (circuit court) Adult Client Services Section (ACSS) for violating the terms and conditions of Hawaii's Opportunity Probation with Enforcement (HOPE probation). Incident to Melendez being taken into custody, a Department of Public Safety deputy sheriff

searched him and uncovered a plastic "baggie" containing a white powdery substance from Melendez's right-side pocket.  No other items typically associated with drug use, such as a lighter or a pipe, were found in the search.  Melendez was not observed or known to be under the influence of any substance at the time of his detention at ACSS.  The powdery substance in the plastic bag was determined to be approximately .005 grams of a substance containing cocaine.  There was no analysis as to the quantity of cocaine contained within the .005 grams.  Melendez was subsequently charged with promoting a dangerous drug in the third degree in violation of Hawaiʻi Revised Statutes (HRS) § 712-1243.[1]

### B.    Motion to Dismiss as De Minimis

Melendez filed a motion to dismiss the charge on the basis that possession of .005 grams of cocaine constituted a de minimis violation and the charge should be dismissed pursuant to HRS § 702-236.[2]  The State did not file a written opposition, but

---

[1]     HRS § 712-1243 (2014) provides as follows: "(1) A person commits the offense of promoting a dangerous drug in the third degree if the person knowingly possesses any dangerous drug in any amount.  (2) Promoting a dangerous drug in the third degree is a class C felony."

[2]     HRS § 702-236 (2014) provides as follows:

> (1) The court may dismiss a prosecution if, having regard to the nature of the conduct alleged and the nature of the attendant circumstances, it finds that the defendant's conduct:

(continued. . .)

it orally opposed Melendez's motion at the hearing on the motion.[3]

Both parties stipulated into evidence previous expert testimony by Dr. George Read.  The testimony had been given at a hearing on a motion to dismiss a possessory drug violation as de minimis held approximately 17 years earlier.[4]  The parties also stipulated to facts detailed in defense counsel's declaration submitted with Melendez's motion to dismiss; no other evidence was submitted in relation to Melendez's motion.  In the

_____

(. . .continued)

> > (a) Was within a customary license or tolerance, which was not expressly refused by the person whose interest was infringed and which is not inconsistent with the purpose of the law defining the offense;
>
> > (b) Did not actually cause or threaten the harm or evil sought to be prevented by the law defining the offense or did so only to an extent too trivial to warrant the condemnation of conviction; or
>
> > (c) Presents such other extenuations that it cannot reasonably be regarded as envisaged by the legislature in forbidding the offense.
>
> (2) The court shall not dismiss a prosecution under subsection (1)(c) of this section without filing a written statement of its reasons.

[3]   The Honorable Judge Todd W. Eddins presided over the proceedings in this case.

[4]   Dr. Read, an expert in pharmacology, testified in relevant part that doses of methamphetamine as low as .005 grams had been used to treat Attention Deficit Hyperactivity Disorder (ADHD).  Additionally, Dr. Read had testified in State v. Viernes that .001 grams of methamphetamine was incapable of producing any pharmacological or physiological effect.  92 Hawai'i 130, 131-32, 988 P.2d 195, 196-97 (1999).  Melendez cited the testimony given in Viernes in his motion to dismiss, and the State discussed that testimony at the hearing as if it were part of the stipulation, although it was not.

4

declaration, defense counsel averred in relevant part that (1) Melendez was taken into custody at ACSS and subjected to a custodial search; (2) that a baggie containing a small amount of white powdery substance was discovered in Melendez's right pocket; (3) that no paraphernalia was located during the search; (4) the bag was later analyzed as containing a substance weighing .005 grams and containing cocaine; and (5) .005 grams of a substance containing cocaine is neither usable nor saleable.  Melendez also maintained that there was no evidence indicating he was under the influence of any drugs at the time of the custodial search.  The State opposed the motion, arguing that Melendez's violation was not de minimis because the amount of drugs Melendez possessed was five times greater than .001 grams, which the expert testimony indicated was an amount that could not have any pharmacological effect.

After hearing argument from counsel, the court orally granted Melendez's motion with prejudice.  The court issued an Order Granting Motion to Dismiss for De Minimis Violation (De Minimis Order) on May 29, 2018.  In the De Minimis Order, the court made several findings of fact and conclusions of law related to its granting of Melendez's motion.  The court

discussed the statutory scheme of HRS §§ 712-1241,[5] 712-1242,[6] and 712-1243, noting that the Hawaiʻi Penal Code quantifies illegal possession by measurement in ounces or grams, not in

---

[5] HRS § 712-1241(1)(a) and (2) (2014 & Supp. 2016) provides as follows:

(1) A person commits the offense of promoting a dangerous drug in the first degree if the person knowingly:

    (a) Possesses one or more preparations, compounds, mixtures, or substances of an aggregate weight of:

        (i) One ounce or more, containing methamphetamine, heroin, morphine, or cocaine or any of their respective salts, isomers, and salts of isomers; or

        (ii) One and one-half ounce or more, containing one or more of any of the other dangerous drugs;

    . . . .

(2) Promoting a dangerous drug in the first degree is a class A felony.

[6] HRS § 712-1242 (2014 & Supp. 2016) provides as follows:

(1) A person commits the offense of promoting a dangerous drug in the second degree if the person knowingly:

    (a) Possesses twenty-five or more capsules, tablets, ampules, dosage units, or syrettes, containing one or more dangerous drugs;

    (b) Possesses one or more preparations, compounds, mixtures, or substances of an aggregate weight of:

        (i) One-eighth ounce or more, containing methamphetamine, heroin, morphine, or cocaine or any of their respective salts, isomers, and salts of isomers; or

        (ii) One-fourth ounce or more, containing any dangerous drug; or

    (c) Distributes any dangerous drug in any amount.

(2) Promoting a dangerous drug in the second degree is a class B felony.

tenths, hundredths, or thousandths of grams. Considering the scheme as a whole, the court stated, "it is clear that under the circumstances . . . Melendez's possession of .005 grams of a substance containing cocaine eclipses the 'any amount' element of HRS § 712-1243," and his possession did not actually cause or threaten the harm sought to be prevented by the law.

The court further stated that it considered the stipulated testimony of Dr. Read, but discounted it because the court was uncertain about its continued reliability in light of its age. The court concluded that the relevant attendant circumstances were more persuasive and indicated that the cocaine Melendez possessed could not have had a pharmacological or physiological effect. Particularly, the court found it reasonable to infer that Melendez, as an individual under HOPE probation supervision, was "keenly aware of the 'useability' or 'saleability' of .005 grams of a substance containing an unspecified amount of cocaine." Since Melendez had not ingested the cocaine in his possession it was reasonable to conclude that the cocaine would not have had a pharmacological or physiological effect. Furthermore, the court found that .005 grams of cocaine is not capable of sale as a narcotic. Finally, the court concluded that the fact that Melendez was not in possession of any items associated with drug use and was not

under the influence of any drugs weighed strongly in favor of the violation being de minimis.

## II.  ICA PROCEEDINGS

The State appealed to the ICA from the De Minimis Order.  The State argued, inter alia, that the circuit court abused its discretion in concluding that the critical inquiry was whether the amount of cocaine recovered from Melendez was useable or saleable and in concluding that .005 grams of cocaine was an amount that could not produce a pharmacological or physiological effect.

In a Memorandum Opinion filed on June 14, 2019, the ICA vacated the De Minimis Order and remanded the case to the circuit court, concluding that the court erred in finding the cocaine Melendez possessed could not have a pharmacological effect, and that the erroneous finding was not "harmless error."[7] Specifically, the ICA concluded that the circuit court erred by discounting the testimony of Dr. Read and relying instead "upon 'Melendez's collection of experiences, beliefs, and knowledge as a cocaine consumer'" to conclude that Melendez would have consumed the substance in his possession if it were capable of producing an effect.  "As the movant in de minimis cases," the

---

[7]     The ICA's memorandum opinion can be found at State v. Melendez, No. CAAP-18-0000522, 2019 WL 2482183 (App. June 14, 2019) (mem.).

8

ICA stated, "the defendant . . . must present evidence that the amount possessed was incapable of producing a pharmacological or physiological effect."  (Emphasis added.)  Since the record lacked evidence supporting the circuit court's finding as to the effect of the drugs Melendez possessed, the ICA vacated the De Minimis Order.

### III.  STANDARD OF REVIEW

### A. De Minimis Rulings

A circuit court's ruling with regard to whether a defendant's criminal conduct constitutes a de minimis infraction pursuant to HRS § 702-236 is reviewed on appeal for abuse of discretion.  State v. Oughterson, 99 Hawaiʻi 244, 253, 54 P.3d 415, 424 (2002).  "A court abuses its discretion if it clearly exceeded the bounds of reason or disregarded rules or principles of law or practice to the substantial detriment of a party litigant."  Id. (brackets omitted).

### IV.  DISCUSSION

### A. Motion to Dismiss Possessory Drug Violation as De Minimis

HRS § 702-236(1)(b) allows the circuit court to dismiss a prosecution if, upon consideration of the nature of the alleged conduct and attendant circumstances, the court finds that the violation "[d]id not actually cause or threaten the harm or evil sought to be prevented by the law defining the offense or did so only to an extent too trivial to warrant the

9

condemnation of conviction."  In order for dismissal to be granted on de minimis grounds, the defendant must place "the relevant attendant circumstances before the trial court . . . to establish why dismissal is warranted in light of those circumstances."  State v. Rapozo, 123 Hawaiʻi 329, 331, 235 P.3d 325, 327 (2010) (citing State v. Park, 55 Haw. 610, 616, 525 P.2d 586, 591 (1974)); see also State v. Fukagawa, 100 Hawaiʻi 498, 507, 60 P.3d 899, 908 (2002) ("[D]ismissal of a prosecution without any indicators from the surrounding circumstances that demonstrate a de minimis infraction would constitute an abuse of discretion.").  With respect to HRS § 712-1243, this court has stated that the harm sought to be prevented by the statute is "the use of the [proscribed drug] or its 'sale or transfer for ultimate use.'"  State v. Hironaka, 99 Hawaiʻi 198, 209, 53 P.3d 806, 817 (2002) (quoting State v. Vance, 61 Haw. 291, 307, 602 P.2d 933, 944 (1979)).

### 1. The Defendant Does Not Need To Prove that the Possessed Drugs Are Incapable of Producing Any Pharmacological or Physiological Effect.

In this case, the circuit court found that the .005 grams of cocaine that Melendez possessed could not have any pharmacological or physiological effect based on the circumstances attendant to Melendez's violation.  The ICA concluded this finding was clearly erroneous because it was

10

unsupported by the evidence in the record and vacated the De Minimis Order, stating that "the defendant . . . must present evidence that the amount possessed was incapable of producing a pharmacological or physiological effect." (Emphasis added.) Evaluating the relevance of the possessed drug's pharmacological effect requires a review of our pertinent precedent.

In State v. Vance, this court first discussed the de minimis principle set forth in HRS § 702-236(1)(b) in the context of an HRS § 712-1243 violation. 61 Haw. at 307, 602 P.2d at 944. We observed that when the literal application of a possessory drug offense, such as HRS § 712-1243, would result in an "unduly harsh conviction for possession of a microscopic trace of a dangerous drug," HRS § 702-236 might be applied to avoid an unjust result. Id. We explained that when

> the amount [of the drug] is microscopic or is infinitesimal and in fact unusable as a narcotic, the possibility of unlawful sale or use does not exist, and proscription of possession under these circumstances may be inconsistent with the rationale of the statutory scheme of narcotics control.

Id. (emphasis added). That is, when the amount of the drug is microscopic and "in fact unusable as a narcotic," then proscription of possession may be contrary to the statutory scheme. Id. Further, inability to use or sell a minute amount of a narcotic may be shown by other relevant factors, warranting dismissal of the charge.

11

> Thus, the possession of a microscopic amount in combination with other factors indicating an inability to use or sell the narcotic, may constitute a de minimis infraction within the meaning of HRS § 702-236 and, therefore, warrant dismissal of the charge otherwise sustainable under HRS § 712-1243.

Id.

This court again considered the application of the de minimis statute to a possessory drug offense in State v. Viernes, 92 Hawaiʻi 130, 988 P.2d 195 (1999). In Viernes, the defendant was found to be in possession of .001 grams of a substance containing methamphetamine. Id. at 131, 988 P.2d at 196. The trial court found, based on the expert testimony of Dr. Read, that .001 grams of methamphetamine has no pharmacological effect, and therefore that amount was "unusable for use or sale." Id. at 132, 988 P.2d at 197. Citing Vance, the trial court concluded that convicting the defendant for the violation would be unduly harsh and dismissed the charge as a de minimis violation. Id. at 132-33, 988 P.2d at 197-98. On appeal, the State argued it was erroneous for the trial court to conclude that the violation was de minimis solely because the amount of methamphetamine the defendant possessed was unusable. Id. at 133, 988 P.2d at 198. The Viernes court rejected this contention and held that "[i]nasmuch as the quantity of methamphetamine possessed by Viernes was infinitesimal and unusable as a narcotic, and was thereby incapable of causing or threatening the harms sought to be prevented by HRS § 712-1243,"

12

the trial court did not err in dismissing the charge. Id. at
133, 988 P.2d at 198. The court, extensively quoting from
Vance, held that

> the .001 grams of methamphetamine was infinitesimal and was
> neither useable nor saleable, it could not engender any
> abuse or social harm. As such, Viernes's possession of the
> .001 grams of methamphetamine did not threaten the harm
> sought to be prevented by HRS § 712-1243.

Id. at 134-35, 988 P.2d at 199-200 (footnote omitted).

Accordingly, the Viernes court concluded that the trial court

did not abuse its discretion in determining that the possession

of .001 grams of methamphetamine was de minimis pursuant to HRS

§ 702-236. Id. at 135, 988 P.2d at 200.

The issue of de minimis dismissal for an HRS § 712-

1243 violation was again addressed in State v. Balanza,

93 Hawaiʻi 279, 285, 1 P.3d 281, 287 (2000). In Balanza, we held

that the trial court did not abuse its discretion in denying a

de minimis motion because the prosecution adduced uncontroverted

evidence that the cocaine residue in a pipe the defendant

possessed "could be scraped out and smoked again." 93 Hawaiʻi at

285, 1 P.3d at 287. Based on the evidence in the record, we

concluded that the trial court did not abuse its discretion in

denying the motion to dismiss. Id.

In State v. Hironaka, we again affirmed a trial

court's denial of a defendant's de minimis motion. 99 Hawaiʻi

198, 200, 53 P.3d 806, 808 (2002). The defendant was charged

13

under HRS § 712-1243 for his possession of .044 grams of residue containing methamphetamine.  Id.  He adduced no evidence that the amount of methamphetamine he possessed was "incapable of producing a pharmacological or physiological effect or was not saleable."  Id. at 209, 53 P.3d at 817.  Thus, "there was no evidence introduced from which the circuit court could have concluded that [the defendant's] conduct did not 'cause or threaten the harm or evil sought to be prevented by the law,' i.e., the use of the methamphetamine or its 'sale or transfer for ultimate use.'"  Id. (quoting Vance, 61 Haw. at 307, 602 P.2d at 944).  As such, we held that the court did not err in denying the defendant's motion to dismiss on the grounds that his violation was de minimis.  Id.

        The relevance of a possessed drug's "pharmacological effect" was clarified in State v. Fukagawa, 100 Hawai'i 498, 60 P.3d 899 (2002).  A majority of this court rejected a contention by the dissent that the significant inquiry in de minimis drug cases is whether the amount of drugs possessed could have an "illicit" or "narcotic" effect.  Fukagawa, 100 Hawai'i at 506, 60 P.3d at 907.  Instead, the court stated that in considering the effect of the amount of drugs possessed, "the proper inquiry in de minimis cases is whether the amount possessed could produce a pharmacological or physiological effect."  Id.  This court

14

observed that the amount of substance containing methamphetamine in the defendant's possession weighed .018 grams, and Dr. Read had testified that doses of methamphetamine as low as .005 grams were used to treat ADHD.  Id.  Additionally, we concluded that the trial court's determination that the substance recovered was usable was supported by testimony that it may have constituted an amount sufficient to be "used" by someone.  Id.  Thus, we held that the court did not abuse its discretion in denying the motion to dismiss.  Id. at 507, 60 P.3d at 908.

This court has thus consistently held over the past forty years that when the amount of drugs possessed is unusable, the violation of HRS § 712-1243 does not "cause or threaten the harm or evil sought to be prevented by the law defining the offense," and a de minimis dismissal would be warranted in such circumstances.  HRS § 702-236; see Vance, 61 Haw. at 307, 602 P.2d at 944; Viernes, 92 Hawaiʻi at 134, 988 P.2d at 199; cf. Balanza, 93 Hawaiʻi at 285, 1 P.3d at 287; Hironaka, 99 Hawaiʻi at 209, 53 P.3d at 817; Fukagawa, 100 Hawaiʻi at 506, 60 P.3d at 907.  Although we have declined to read a usable quantity standard into HRS § 712-1243, it is clear that if the amount possessed is "so minuscule that it cannot be . . . used in such a way as to have any discernible effect on the human body, it follows that the drug cannot lead to abuse, social harm, or

15

property and violent crimes," i.e., the harm sought to be prevented by HRS § 712-1243. Viernes, 92 Hawai'i at 134, 988 P.2d at 199. Under such circumstances, dismissal under HRS § 702-236 is warranted. See id.

Hence, contrary to the conclusion of the ICA, a defendant's burden on a de minimis motion for an HRS § 712-1243 violation is not to specifically prove that the drugs possessed could not have a pharmacological or physiological effect, but to "place 'all' of the relevant attendant circumstances before the trial court . . . to establish why dismissal is warranted in light of those circumstances." Rapozo, 123 Hawai'i at 331, 235 P.3d at 327. When the defendant proves the amount of drugs possessed is incapable of producing a pharmacological effect, it is clear the amount is not usable or saleable. Viernes, 92 Hawai'i at 134-35, 988 P.2d at 199-200. In such cases, in the absence of other circumstances indicating the violation actually threatened the harm sought to be prevented by HRS § 712-1243, de minimis dismissal will be warranted. Id. But proving that the possessed drugs could not have a pharmacological effect is not a condition precedent for de minimis dismissal of a possessory drug violation. Our decisions firmly establish that if the amount of drugs possessed is not usable or saleable, the violation does not engender the harms sought to be prevented by

16

HRS § 712-1243 absent demonstrable evidence to the contrary.
Id. at 134, 988 P.2d at 199; Balanza, 93 Hawaiʻi at 285, 1 P.3d
at 287; Hironaka, 99 Hawaiʻi at 209, 53 P.3d at 817; Fukagawa,
100 Hawaiʻi at 506, 60 P.3d at 907.  In sum, if the possessed
drugs are neither usable nor saleable, and the attendant
circumstances do not otherwise demonstrate the defendant's
violation caused the harm HRS § 712-1243 seeks to prevent, de
minimis dismissal is warranted.

      **2.    The Circuit Court Did Not Abuse Its Discretion in Dismissing the Charge as De Minimis.**

The parties in this case stipulated that "0.005 grams
of a substance containing cocaine is neither usable nor
saleable."  Even assuming that the amount of cocaine Melendez
possessed was theoretically capable of producing a
pharmacological or physiological effect, it was well within the
court's discretion to dismiss the charge against Melendez as de
minimis because, per the parties' stipulation, the cocaine
Melendez possessed was not a usable or saleable amount.  Since
it was neither usable nor saleable, Melendez's possession of the
cocaine did not "cause or threaten the harm or evil sought to be
prevented" by HRS § 712-1243 and violated the statute "only to
an extent too trivial to warrant the condemnation of
conviction."  HRS § 702-236(1)(b); see Viernes, 92 Hawaiʻi at
133, 988 P.2d at 198 ("Inasmuch as the quantity of

methamphetamine possessed by Viernes was infinitesimal and unusable as a narcotic, [it] was thereby incapable of causing or threatening the harms sought to be prevented by HRS § 712-1243[.]").

Additionally, even if it was erroneous for the circuit court, based on the evidentiary record, to conclude that Melendez had proved that the .005 grams of cocaine that he possessed was incapable of producing a pharmacological or physiological effect, "it is well-settled that '[a]n appellate court may affirm a judgment of the lower court on any ground in the record that supports affirmance.'" Fukagawa, 100 Hawaiʻi at 506-07, 60 P.3d at 907-08 (alteration in original) (quoting State v. Dow, 96 Hawaiʻi 320, 326, 30 P.3d 926, 932 (2001)). Thus, the ICA should have considered other grounds in the record supporting affirmance of the De Minimis Order, particularly the stipulated fact that the cocaine Melendez possessed was unusable and unsaleable. See State v. Woodhall, 129 Hawaiʻi 397, 405, 301 P.3d 607, 615 (2013) (noting that stipulations as to facts are conclusive and binding). Under our precedents, this stipulation warrants dismissal of the charge as de minimis unless the other attendant circumstances demonstrate that the violation did in fact cause or threaten the harm sought to be prevented by HRS § 712-1243. Viernes, 92 Hawaiʻi at 133, 988 P.2d at 198; cf.

18

Balanza, 93 Hawai'i at 285, 1 P.3d at 287; Hironaka, 99 Hawai'i at 209, 53 P.3d at 817.

Further, none of the attendant circumstances in this case refute the conclusion that Melendez's possession of an unusable and unsaleable amount of cocaine did not threaten or cause the harm sought to be prevented by HRS § 712-1243. We note that the circuit court found that Melendez was not in possession of any items typically associated with drug use at the time of his violation and was not under the influence of any drugs. There is also no indication Melendez was engaged in any other criminal conduct. These circumstances additionally do not militate against a finding that the violation was de minimis. Fukagawa, 100 Hawai'i at 507, 60 P.3d at 908. Thus, inasmuch as the record supports the circuit court's determination that Melendez's violation was de minimis as the possessed drug was neither usable nor saleable, the court did not abuse its discretion in dismissing the charge.[8] Id. at 506-07, 60 P.3d at 907-08.

---

[8] Given our disposition in this case, it is unnecessary to review the ICA's determination that the circuit court erred in finding that the amount of cocaine Melendez possessed could not have had a pharmacological or physiological effect.

19

## V.    CONCLUSION

Based on the foregoing, the ICA's judgment on appeal

is reversed.


Jon N. Ikenaga                          /s/ Mark E. Recktenwald
for petitioner
                                        /s/ Paula A. Nakayama
Stephen K. Tsushima
for respondent                          /s/ Sabrina S. McKenna

                                        /s/ Richard W. Pollack

                                        /s/ Michael D. Wilson