**Electronically Filed
Intermediate Court of Appeals
CAAP-18-0000959
28-DEC-2020
07:50 AM
Dkt. 41 SO**

NO. CAAP-18-0000959

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAIʻI

STATE OF HAWAIʻI, Plaintiff-Appellee, v.
RANDY JOHN, ALSO KNOWN AS WELLISON SIGHRA, Defendant-Appellant

APPEAL FROM THE CIRCUIT COURT OF THE FIRST CIRCUIT
(CRIMINAL NO. 1CPC-17-0000959)

SUMMARY DISPOSITION ORDER
(By: Ginoza, Chief Judge, Leonard and Hiraoka, JJ.)

Defendant-Appellant Randy John, aka Wellison Sighra

(**John**), appeals from the November 28, 2018 Judgment of Conviction

and Probation Sentence; Notice of Entry (**Judgment**) entered by the

Circuit Court of the First Circuit (**Circuit Court**).[1]

John was charged via Felony Information and Non-Felony

Complaint with Promoting a Dangerous Drug in the Third Degree, in

violation of Hawaii Revised Statutes (**HRS**) § 712-1243 (2014)

(**Count 1**),[2] and Theft in the Fourth Degree, in violation of HRS

---

[1]     The Honorable Faʻauuga L. Toʻotoʻo presided.

[2]     HRS § 712-1243 provides:

> **§ 712-1243  Promoting a dangerous drug in the third
> degree.**  (1) A person commits the offense of promoting a
> dangerous drug in the third degree if the person knowingly
> possesses any dangerous drug in any amount.

(continued...)

§ 708-833(1) (Supp. 2019) (**Count 2**).  John filed a motion to dismiss Count 1 as de minimis.  After a hearing held on July 26, 2018, the Circuit Court denied John's motion, and on March 6, 2019, the Circuit Court entered Findings of Fact, Conclusions of Law [(**COLs**)], and Order Denying Defendant's Motion to Dismiss Felony Information (**Order Denying Dismissal**).  Thereafter, John pleaded no contest to the charged offenses (reserving his right to appeal the Order Denying Dismissal), was sentenced, and timely filed a notice of appeal.

John raises two, related, points of error on appeal, contending that the Circuit Court erred by not applying the correct legal standard when it entered the Order Denying Dismissal, and abused its discretion by not applying the appropriate facts adduced at the hearing that indicated that the offense charged in Count 1 was de minimis.

Upon careful review of the record and the briefs submitted by the parties, and having given due consideration to the arguments advanced and the issues raised by the parties, we resolve John's points of error as follows:

John primarily contends, citing HRS § 702-236(1)(b) (2014),[3] that the Circuit Court used the wrong legal standard

_____

[2](...continued)
            (2)  Promoting a dangerous drug in the third degree is
        a class C felony.

[3]     HRS § 702-236 provides, in part:

        **§ 702-236  De minimis infractions**.  (1) The court may
        dismiss a prosecution if, having regard to the nature of the
        conduct alleged and the nature of the attendant
        circumstances, it finds that the defendant's conduct:
            (a)  Was within a customary license or tolerance,
                 which was not expressly refused by the person
                                                    (continued...)

2

because it failed to examine whether the possession of 0.003 grams of a substance containing cocaine "did not actually cause or threaten the harm or evil sought to be prevented by the law defining the offense or did so only to an extent too trivial to warrant the condemnation of conviction."

In <u>State v. Melendez</u>, 146 Hawaiʻi 391, 395-97, 463 P.3d 1048, 1052-54 (2020), the Hawaiʻi Supreme Court recently reiterated that a defendant need not prove that possessed drugs are incapable of producing any pharmacological or physical effect, stating, *inter alia*:

> This court has thus consistently held over the past forty years that when the amount of drugs possessed is unusable, the violation of HRS § 712-1243 does not cause or threaten the harm or evil sought to be prevented by the law defining the offense, and a de minimis dismissal would be warranted in such circumstances. Although we have declined to read a usable quantity standard into HRS § 712-1243, it is clear that if the amount possessed is so minuscule that it cannot be used in such a way as to have any discernible effect on the human body, it follows that the drug cannot lead to abuse, social harm, or property and violent crimes, i.e., the harm sought to be prevented by HRS § 712-1243. Under such circumstances, dismissal under HRS § 702-236 is warranted.
>
> Hence, . . . a defendant's burden on a de minimis motion for an HRS § 712-1243 violation is not to specifically prove that the drugs possessed could not have a pharmacological or physiological effect, but to place all of the relevant attendant circumstances before the trial court to establish why dismissal is warranted in light of those circumstances. When the defendant proves the amount of drugs possessed is incapable of producing a pharmacological effect, it is clear the amount is not usable or saleable. In such cases, in the absence of other circumstances indicating the violation actually threatened the harm sought

---

[3](...continued)

> whose interest was infringed and which is not inconsistent with the purpose of the law defining the offense; or
> (b) Did not actually cause or threaten the harm or evil sought to be prevented by the law defining the offense or did so only to an extent too trivial to warrant the condemnation of conviction; or
> (c) Presents such other extenuations that it cannot reasonably be regarded as envisaged by the legislature in forbidding the offense.

> to be prevented by HRS § 712-1243, de minimis dismissal will be warranted.  But proving that the possessed drugs could not have a pharmacological effect is not a condition precedent for de minimis dismissal of a possessory drug violation.  <u>Our decisions firmly establish that if the amount of drugs possessed is not usable or saleable, the violation does not engender the harms sought to be prevented by HRS § 712-1243 absent demonstrable evidence to the contrary.</u>  In sum, if the possessed drugs are neither usable nor saleable, and the attendant circumstances do not otherwise demonstrate the defendant's violation caused the harm HRS § 712-1243 seeks to prevent, de minimis dismissal is warranted.

<u>Id.</u> at 396-97, 463 P.3d at 1053-54 (emphasis added; citations, internal quotation marks, and original ellipsis omitted).

Here, in its COLs, the Circuit Court acknowledged that John was asserting the 0.003 grams of a substance, *containing* cocaine, was a de minimis amount that was neither usable nor saleable.  Nevertheless, the Circuit Court did not conclude, one way or the other, whether the amount of drugs possessed was usable or saleable, as discussed in <u>Melendez</u>.  Instead, the Circuit Court concluded, *inter alia*, that*:*  (1) John "has not provided any evidence of the individualized variables about him that would enable the court to determine whether the amount of cocaine in this case was sufficient to produce a pharmacological action or physiological effect;" and (2) John "was in possession of 0.003 grams of a substance containing cocaine which was both visible and capable of analysis."  While the Circuit Circuit's COLs were in part reflective of the legal standards set out in <u>Melendez</u> and the cases it followed, "visible and capable of analysis" is not a standard comparable to "usable and saleable," and the supreme court expressly stated that "proving that the possessed drugs could not have a pharmacological effect is not a

condition precedent for de minimis dismissal of a possessory drug violation." Melendez, 146 Hawaiʻi at 397, 463 P.3d at 1054.

Unlike in Melendez, where in the same courthouse, for a hearing held two months earlier than the hearing in this case, the State stipulated that 0.005 grams of a substance containing cocaine was not usable and saleable,[4] here there is no stipulation that 0.003 grams of a substance containing cocaine – which the expert witness described as barely visible, "like a spec of --  more than a spec of dust, a couple of particles maybe" – is not usable and saleable.  We nevertheless conclude that the Circuit Court erred in not reaching the conclusion that the 0.003 grams of substance possessed by John was not usable and saleable, based on the record in this case and the case law in this jurisdiction.

As firmly held in Melendez, "if the amount of drugs possessed is not usable or saleable, the violation does not engender the harms sought to be prevented by HRS § 712-1243 absent demonstrable evidence to the contrary." Id.  (citations omitted).  Here, the attendant circumstances of this incident included John having shoplifted two cans of Libby's Vienna Sausage and a multipack of Spam, with a total value of $11.37.[5] While theft at any level constitutes criminal conduct and a property crime, theft of roughly eleven dollars worth of canned meat appears equally indicative of poverty, hunger and/or

---

[4]    Melendez, 146 Hawaiʻi at 397, 463 P.3d at 1054.

[5]    John also had no form of identification and identified himself to the arresting officer as Wellison Sighra.

homelessness.  We recognize that criminality and substance abuse may in some instances be associated with these conditions as well, but we nevertheless conclude that none of the attendant circumstances in this case undermine a conclusion that John's possession of an unusable and unsaleable amount of cocaine did not threaten or cause the harm sought to be prevented by HRS § 712-1243.  See generally Melendez, 146 Hawaiʻi at 398, 463 P.3d at 1055.  Accordingly, we conclude that the Circuit Court abused its discretion in failing to determine that John's possession of 0.003 grams of a substance containing cocaine constituted a de minimis infraction pursuant to HRS § 702-236.

For these reasons, the Circuit Court's November 28, 2018 Judgment is vacated in part, as to Count 1, and affirmed in part, as to Count 2.  This case is remanded to the Circuit Court for further proceedings.

DATED: Honolulu, Hawaiʻi, December 28, 2020.

On the briefs:

Dana S. Ishibashi,
for Defendant-Appellant.

Stephen K. Tsushima,
Deputy Prosecuting Attorney,
City and County of Honolulu,
for Plaintiff-Appellee.

/s/ Lisa M. Ginoza
Chief Judge

/s/ Katherine G. Leonard
Associate Judge

/s/ Keith K. Hiraoka
Associate Judge