**Electronically Filed**
**Intermediate Court of Appeals**
**CAAP-22-0000592**
**04-APR-2025**
**07:56 AM**
**Dkt. 60 SO**

NO. CAAP-22-0000592

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAIʻI

STATE OF HAWAIʻI, Plaintiff-Appellee,
v.
KAEO THOMAS UʻU, Defendant-Appellant

APPEAL FROM THE DISTRICT COURT OF THE SECOND CIRCUIT
WAILUKU DIVISION
(CASE NO. 2DTC-22-607475)

**SUMMARY DISPOSITION ORDER**
(By: Leonard, Acting Chief Judge, Hiraoka and Nakasone, JJ.)

Kaeo Thomas **Uʻu** appeals from the November 3, 2022 **Amended Judgment** and Notice of Entry of Judgment entered by the District Court of the Second Circuit, Wailuku Division.[1]  Uʻu challenges the **Order** and Notice of Entry of Order denying his motion to dismiss the second amended complaint filed by the **State** of Hawaiʻi.  We affirm.

On April 29, 2022, Uʻu was stopped by a Maui Police Department officer for driving without a seatbelt.  He was unable to produce a driver's license.  On May 17, 2022, the State filed an amended complaint charging Uʻu with Operating a Vehicle After License and Privilege Have Been Suspended or Revoked for Operating a Vehicle Under the Influence of an Intoxicant in violation of Hawaii Revised Statutes (**HRS**) § 291E-62(a)(1).  Uʻu

---

[1]     The Honorable Blaine J. Kobayashi presided.

moved to dismiss on July 28, 2022. He argued, among other things, his violation was de minimis.

On August 8, 2022, the State filed a second amended complaint. The second amended complaint charged Uʻu with violating HRS § 291E-62(a)(1) and/or (2).

The motion to dismiss was heard on August 18, 2022. The State represented it would not be proceeding under HRS § 291E-62(a)(1). The district court denied the motion to dismiss, ordered the State to file a third amended complaint, and set a further arraignment and plea hearing. The Order denying the motion to dismiss was entered on August 18, 2022.

The third amended complaint was filed on August 18, 2022. It charged Uʻu with violating HRS § 291E-62(a)(2) only. Trial was held on September 28, 2022. The district court found Uʻu guilty as charged. The Amended Judgment was entered on November 3, 2022.

Uʻu appeals. He argues the district court erred by denying his motion to dismiss for de minimis violation. We review for abuse of discretion. State v. Pacquing, 129 Hawaiʻi 172, 179, 297 P.3d 188, 195 (2013).

HRS § 702-236(1)(b) (2014) provides:

> (1) The court may dismiss a prosecution if, having regard to the nature of the conduct alleged and the nature of the attendant circumstances, it finds that the defendant's conduct:
>
> . . . .
>
> (b) Did not actually cause or threaten the harm or evil sought to be prevented by the law defining the offense or did so only to an extent too trivial to warrant the condemnation of conviction[.]

"[O]ur inquiry into the harm or evil sought to be prevented by a statute relies primarily on the plain language of the statute itself." Pacquing, 129 Hawaiʻi at 180, 297 P.3d at 196. HRS § 291E-62 (2020) provided, in relevant part:

(a) No person whose license and privilege to operate a vehicle have been revoked, suspended, or otherwise restricted pursuant to this section or to part III [(Administrative Revocation Process)] or section 291E-61 [(Operating a Vehicle under the Influence of an Intoxicant (**OVUII**))] or 291E-61.5 [(Habitually OVUII)] . . . shall operate or assume actual physical control of any vehicle:

> (1) In violation of any restrictions placed on the person's license;

> (2) While the person's license or privilege to operate a vehicle remains suspended or revoked;

> (3) Without installing an ignition interlock device required by this chapter; or

> (4) With an ignition interlock permit unless the person has the ignition interlock permit in the person's immediate possession.

The plain language of HRS § 291E-62 shows the harm or evil it sought to prevent was a person whose driver's license has been revoked for OVUII driving a vehicle without an installed ignition interlock device and an ignition interlock permit.

Uʻu doesn't dispute that his driver's license was administratively revoked on April 29, 2022. He argued an ignition interlock device had been installed in his pickup truck and was in use on April 29, 2022; he had applied for, but not yet received, an ignition interlock permit under HRS § 291E-61(i);[2] and his not having the permit on April 29, 2022, was trivial because he received it two weeks later. His conduct *was* "the harm or evil sought to be prevented by" the plain language of HRS

---

[2] HRS § 291E-61 (2020) provides, in relevant part:

> (i) Upon proof that the defendant has:

> (1) Installed an ignition interlock device in any vehicle the defendant operates pursuant to subsection (b); and

> (2) Obtained motor vehicle insurance or self-insurance that complies with the requirements under either section 431:10C-104 or section 431:10C-105,

> the court shall issue an ignition interlock permit that will allow the defendant to drive a vehicle equipped with an ignition interlock device during the revocation period.

§ 291E-62(a)(2) and his violation was not trivial.  <u>Cf.</u> <u>State v.</u> <u>Melendez</u>, 146 Hawaiʻi 391, 397, 463 P.3d 1048, 1054 (2020) (holding that if possessed drugs are neither usable nor saleable and attendant circumstances don't otherwise demonstrate defendant's violation caused harm statute criminalizing promoting a dangerous drug in the third decree seeks to prevent, de minimis dismissal is warranted).

We conclude the district court acted within its discretion by denying Uʻu's motion to dismiss for de minimis violation.  The Amended Judgment entered by the district court on November 3, 2022, is affirmed.

DATED: Honolulu, Hawaiʻi, April 4, 2025.

On the briefs:

Toan V. Nguyen,
Deputy Public Defender,
State of Hawaiʻi,
for Defendant-Appellant.

Renee Ishikawa Delizo,
Deputy Prosecuting Attorney,
County of Maui,
for Plaintiff-Appellee.

/s/ Katherine G. Leonard
Acting Chief Judge

/s/ Keith K. Hiraoka
Associate Judge

/s/ Karen T. Nakasone
Associate Judge