**Electronically Filed
Intermediate Court of Appeals
CAAP-22-0000181
06-MAY-2025
07:54 AM
Dkt. 45 SO**

NO. CAAP-22-0000181

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAI'I

STATE OF HAWAI'I, Plaintiff-Appellant,
v.
ROBERTO BARRIOS, Defendant-Appellee

APPEAL FROM THE CIRCUIT COURT OF THE FIRST CIRCUIT
(CASE NO. 1CPC-21-0000862)

SUMMARY DISPOSITION ORDER
(By: Leonard, Acting Chief Judge, Nakasone and McCullen, JJ.)

This appeal challenges the dismissal of a third-degree Promoting a Dangerous Drug charge for possession of residue containing methamphetamine as a de minimis infraction under Hawaii Revised Statutes (**HRS**) § 702-236 (1)(b).[1]  We affirm.

---

[1]    HRS § 702-236 (2014), entitled "De minimis infractions," provides for the discretionary dismissal of a prosecution under subsection (1)(b), if after considering "the nature of the conduct alleged and the nature of the attendant circumstances," the court "finds that the defendant's conduct . . . [d]id not actually cause or threaten the harm" that "the law defining the offense" sought to prevent, or the defendant's conduct "did so only to an extent too trivial to warrant the condemnation of conviction[.]"

Plaintiff-Appellant State of Hawai'i (**State**) appeals from the February 23, 2022 "Findings of Fact; Conclusions of Law [(**FOFs/COLs**)] and Order Granting [Defendant-Appellee Roberto Barrios (**Barrios**)]'s Motion to Dismiss Count 1 [(Promoting a Dangerous Drug in the Third Degree)] for De Minimis Violation" (**Dismissal Order**), filed by the Circuit Court of the First Circuit (**Circuit Court**).[2]

On appeal, the State contends that the Circuit Court abused its discretion in granting Barrios's "Motion to Dismiss Count 1 for De Minimis Violation" (**Motion to Dismiss**), based on its conclusion that "possession of 0.318 grams of methamphetamine[3] was a de minimis violation[,]" and in entering FOF 15 and COLs 10, 11, and 12. (Footnote added.)

Upon review of the record on appeal and relevant legal authorities, giving due consideration to the issues raised and arguments advanced by the parties, we resolve Barrios's contention as follows.

The record and the unchallenged FOFs reflect that Barrios was charged with two counts of third-degree possession of a dangerous drug, in violation of HRS § 712-1243, for possession of methamphetamine in Count 1, and fentanyl in Count 2. This appeal only concerns Count 1.

Barrios was arrested after an officer with the Honolulu Police Department (**HPD**) observed Barrios holding a lighter in one hand and a glass pipe with the stem visible in

---

[2]     The Honorable Kevin A. Souza presided.

[3]     The State's characterization of the Circuit Court's conclusion as "0.318 grams *of methamphetamine*" is inaccurate. (Emphasis added.)  The Circuit Court found in unchallenged FOF 6 that the residue was "*a substance containing methamphetamine with a net weight of 0.318 grams*." (Emphasis added.)  See State v. Rodrigues, 145 Hawai'i 487, 497, 454 P.3d 428, 438 (2019) ("[U]nchallenged findings of fact are binding upon appellate courts." (citations omitted)).

the other; the stem contained a white residue; and the officer recognized the pipe as an instrument to ingest illicit drugs. FOFs 2-4. Chemical analysis revealed the residual substance in the pipe to be "a substance containing methamphetamine with a net weight of 0.318 grams." FOF 6.

Barrios's January 21, 2022 Motion to Dismiss argued that "[Barrios]'s conduct in this case 'did not actually cause or threaten the harm or evil sought to be prevented . . . or did so only to an extent too trivial to warrant the condemnation o[f] conviction'" under HRS § 702-236(1)(b). The State's January 28, 2022 opposition argued that the amount of methamphetamine Barrios possessed was "usable and saleable"; and "the attendant circumstances demonstrate[d] that [Barrios]'s offense caused and threatened the harm" that HRS § 712-1243 sought to prevent.

The Circuit Court conducted a February 16, 2022 hearing in which HPD Detective Dayle Morita (**Detective Morita**) testified as "an expert in the use, sale and distribution of methamphetamine" on Oʻahu. FOF 10. The Circuit Court granted the Motion to Dismiss, and filed its February 23, 2022 Dismissal Order containing the FOF and COLs challenged in this appeal.

**FOF 15 was clearly erroneous in part, but harmless.**

FOF 15 states: "Per Detective Morita, while the smallest amount of methamphetamine he's seen sold on the street is 0.17 grams, that methamphetamine was in <u>pure</u> rock or crystalline form — not in the form of burnt residue scraped from the inside of a pipe." (Emphasis added.)

The State challenges FOF 15 as clearly erroneous and without support in Detective Morita's testimony, because the detective testified that "the smallest amount of methamphetamine that he had seen sold on the street" and the "form it was in" "was '[n]ot pure form,'" as follows:

3

> Q. [(By Court)] Now, your testimony that the smallest amount of meth that you've seen sold on the street was 0.17 grams?
>
> A. [(By Detective Morita)] Yes.
>
> Q. And what form was that in?
>
> A. Not pure form, but not in that scraping form. But in the --
>
> Q. So it wasn't residue scraped out of a pipe?
>
> A. Wasn't residue scraping. It was methamphetamine.
>
> Q. So it was actually rock -- crystal rock methamphetamine?
>
> A. Yes.

(Emphasis added.)

Here, the State's objection to FOF 15's language that the methamphetamine sold on the street "was in pure rock form," when Detective Morita's testimony was that such methamphetamine was "[n]ot pure form," has merit. (Emphasis added.) The inclusion of the word "pure" was clearly erroneous, but this error was harmless. See State v. Enos, 147 Hawaiʻi 150, 161-62, 465 P.3d 597, 608-09 (2020) (holding clearly erroneous FOFs were harmless). The remainder of FOF 15 was supported by Detective Morita's testimony and was not clearly erroneous. See id. at 158, 465 P.3d at 605 (applying clearly erroneous standard of review to factual findings).

**COLs 10 and 11 were not clearly erroneous.**

In COL 10, the Circuit Court applied the following framework from Enos that requires consideration of the amount of drug at issue and the "surrounding circumstances" for a de minimis motion to dismiss a drug charge:

> Before dismissing a charge as a de minimis infraction, a court must consider the amount of drugs possessed and the surrounding circumstances to determine if the defendant's conduct caused or threatened the harm or evil sought to be prevented by the law defining the offense sufficiently to warrant the condemnation of conviction.

4

Id. at 162-63, 465 P.3d at 609-10 (quoting State v. Fukugawa, 100 Hawai'i 498, 505, 60 P.3d 899, 905 (2002)). COL 10(a) through COL 10(e) reflected the Circuit Court's factual findings applying the above framework: "a very small amount of substance of unknown purity, containing methamphetamine, with a total net weight of 0.318 grams, was recovered" (COL 10(a)); "there is no evidence or testimony that [Barrios] was engaged in nor suspected of engaging in any violence or committing any violent crime" (COL 10(b)); "there is no evidence or testimony that [Barrios] was engaged in or suspected of engaging in any property crime" (COL 10(c)); while Barrios had "a lighter in his possession," he was not actively ingesting drugs (COL 10(d)); and "there is no evidence that [Barrios] was intoxicated or under the influence of illicit drugs throughout his entire interaction" with the officer (COL 10(e)). The Circuit Court then concluded in COL 11 that it had "considered 'all of the relevant facts bearing upon the defendant's conduct and the nature of the attendant circumstances,'" and determined that Barrios's "conduct did not actually cause or threaten the harm or evil sought to be prevented by [HRS §] 712-1243, or did so only to an extent too trivial to warrant the condemnation of conviction" for third-degree promotion of a dangerous drug.

In challenging COL 10(a) through COL 10(e), the State argues that the Circuit Court failed to distinguish this case from Enos and did not properly consider "the other circumstances attendant to [Barrios]'s possession of methamphetamine[.]" The State points to "the dissimilarity in the amount of methamphetamine recovered on [Barrios] and defendant Enos" of "0.318 grams and 0.005 grams, respectively."

In Enos, the Hawai'i Supreme Court affirmed the de minimis dismissal of a third-degree promotion of a dangerous

5

drug charge, where the defendant was found with an aggregate 0.005 grams of a substance containing methamphetamine while trespassing on State Lands. 147 Hawai'i at 153, 465 P.3d at 600. A police officer found defendant Enos lying behind a cardboard box under the freeway when investigating complaints regarding unhoused individuals; Enos attempted to hide an open pouch from which a glass pipe was protruding; the open pouch contained a "clear zip lock type bag" with a crystalline substance; and chemical analysis showed that the pipe contained 0.002 grams of a substance containing methamphetamine and the bag contained 0.003 grams of a substance containing methamphetamine. Id. at 154, 465 P.3d at 601. The supreme court held that while the trespass offense was a property crime, "it [was] not the type of property crime that motivated the legislature to criminalize possession of any amount of a dangerous drug[,]" and dismissal was within the trial court's discretion "[i]n light of the minute quantity of methamphetamine he possessed and the mitigating circumstances" present there. Id. at 153-54, 465 P.3d at 600-01.

While the Enos court stressed that "the quantity of drugs possessed remains a critical consideration when deciding a de minimis motion on a drug charge[,]" it also reaffirmed: "we have long insisted that quantity is only one of the surrounding circumstances a court must consider." Id. at 162-63, 465 P.3d at 609-10 (cleaned up). The supreme court has declined to designate a specific quantity of drug for application of the de minimis statute. See State v. Melendez, 146 Hawai'i 391, 397, 463 P.3d 1048, 1054 (2020) (declining "to read a usable quantity standard into HRS § 712-1243" and explaining that de minimis dismissal is warranted "if the possessed drugs are neither usable nor saleable, and the attendant circumstances do not

otherwise demonstrate the defendant's violation caused the harm HRS § 712-1243 seeks to prevent").[4]

Here, the Circuit Court considered the surrounding attendant circumstances in its de minimis analysis, of which the quantity of the substance containing methamphetamine was "only one of the surrounding circumstances." See Enos, 147 Hawai'i at 162, 465 P.3d at 609 (citation omitted). It was the Circuit Court's prerogative as the factfinder to weigh the evidence in its consideration of the circumstances surrounding Barrios's possession of the residue containing methamphetamine. See Fisher v. Fisher, 111 Hawai'i 41, 46, 137 P.3d 355, 360 (2006) (assessing weight of evidence "is the province of the trier of fact" (citation omitted)). Mere disagreement with how the Circuit Court weighed the evidence and made factual findings of the circumstances surrounding the possession in COL 10 does not establish clear error. See Enos, 147 Hawai'i at 158, 465 P.3d at 605 (reviewing factual findings for clear error). COL 11's conclusion that Barrios's conduct did not cause the harm to be prevented or was too trivial is supported by the FOFs and the Circuit Court applied the correct law. See Estate of Klink ex rel. Klink v. State, 113 Hawai'i 332, 351, 152 P.3d 504, 523 (2007) (reviewing mixed questions of fact and law for clear error).

---

[4] In Melendez, the supreme court affirmed the de minimis dismissal of a third-degree promotion of a dangerous drug charge, where the defendant was found with 0.005 grams of a substance containing cocaine that was "unusable and unsaleable" based on the record presented there; was "not in possession of any items typically associated with drug use at the time"; was "not under the influence of any drugs"; and there was "no indication [defendant] was engaged in any other criminal conduct." 146 Hawai'i at 397-98, 463 P.3d at 1054-55. The white powder substance at issue was recovered from a plastic bag in the defendant's pocket during a custodial search. Id. at 393, 463 P.3d at 1050.

**COL 12 is not erroneous.**

COL 12 contained the Circuit Court's assessment of Detective Morita's expert testimony that 0.318 grams of residue containing methamphetamine was "useable or saleable." COL 12. The Circuit Court expressed that it had "several concerns with Detective Morita's expert conclusions" in this regard, explaining that it considered "[HPD]'s interest in the outcome of this case in weighing the effect and value of Detective Morita's testimony" that "the smallest amount of methamphetamine" Detective Morita had "seen sold on the street" of "0.17 grams" was "in pure[5] rock or crystalline form — not in the form of burnt residue scraped from of [sic] the inside of a pipe." COL 12(a), (c) (footnote and emphasis added). The Circuit Court ultimately rejected Detective Morita's "assertion" that "it's possible to 'use' or 'consume' 0.318 grams of methamphetamine residue" as "meaningless," because "no further analysis was conducted to determine how much of the residual substance analyzed . . . was in fact methamphetamine"; and it reasoned that "it's not known how much of the 0.318 grams of residual substance actually contained methamphetamine versus other leftover chemical compounds or unknown byproducts of the repeated heating and smoking process." COL 12(d). The Circuit Court ultimately did not accept Detective Morita's opinion, as follows: "Accordingly, without more information, this Court cannot simply conclude, as a matter of law, that the residual substance recovered from [Barrios]'s pipe was indeed 0.318 grams of the narcotic methamphetamine, or that it was capable of being 'used' or 'consumed' as such." Id.

The State argues that COL 12 was not supported "by *any* evidence in the record" because Barrios presented no evidence

_____

[5] The clearly erroneous "pure" reference repeated here is harmless for the reasons set forth supra.

that the "drugs" Barrios possessed were "not saleable or useable"; or any evidence "with respect to the effect that 0.318 grams of residue containing methamphetamine would have on the human body[.]"

Here, the State offered Detective Morita's testimony to show that the amount of residue containing methamphetamine could be saleable and usable, and the Circuit Court weighed and rejected such testimony. "It is for the trial judge as fact-finder to assess the credibility of witnesses and to resolve all questions of fact; the judge may accept or reject any witness's testimony in whole or in part." State v. Kwong, 149 Hawai'i 106, 112, 482 P.3d 1067, 1073 (2021) (citation omitted). COL 12 contained factual findings of credibility and weight determinations of Detective Morita's testimony, and was not clearly erroneous. See id.; Enos, 147 Hawai'i at 158, 465 P.3d at 605. Contrary to the State's assertions, Barrios did not have to prove that the residue containing methamphetamine could not have any effect on the human body. See Melendez, 146 Hawai'i at 392, 463 P.3d at 1049 (stating that this court "erred in holding that a defendant, in order to prevail on a motion to dismiss a possessory drug violation as de minimis, must prove that the possessed drugs could not have any pharmacological or physiological effect").

Finally, the State's argument that the Circuit Court abused its discretion by "fail[ing] to address numerous of the [sic] factors listed in" State v. Park, 55 Haw. 610, 525 P.2d 586 (1974), lacks merit. Here, the Circuit Court applied HRS § 702-236(1)(b) consistent with the applicable recent precedent of Enos and Melendez. We conclude the Circuit Court did not act outside the scope of its discretion in granting the Motion to

9

Dismiss.  See Enos, 147 Hawai'i at 159, 465 P.3d at 606 (reviewing de minimis dismissal for abuse of discretion).

For the foregoing reasons, we affirm the February 23, 2022 Dismissal Order filed by the Circuit Court of the First Circuit.

DATED:  Honolulu, Hawai'i, May 6, 2025.

On the briefs:

Stephen K. Tsushima,
Deputy Prosecuting Attorney
for Plaintiff-Appellant.

Taryn R. Tomasa,
Deputy Public Defender
for Defendant-Appellee.

/s/ Katherine G. Leonard
Acting Chief Judge

/s/ Karen T. Nakasone
Associate Judge

/s/ Sonja M.P. McCullen
Associate Judge